# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ANDRE LEJUAN KNUCKLES, )
)
        Petitioner, )
)
vs. )    CASE NO. CIV-10-224-D
)
DAVID MILLER, Warden, )
)
        Respondent. )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The matter is before the undersigned to determine the status of the action.

## PROCEDURAL HISTORY

By this action, Petitioner challenges his convictions upon his guilty pleas to two counts of robbery in the first degree, one count of attempted robbery in the first degree, and two counts of concealing stolen property. Case No. CF-2007-1638, District Court of Oklahoma County. On April 16, 2010, the Respondent filed a motion to dismiss, contending that Petitioner has failed to exhaust his state court remedies. Petitioner responded to the motion and thus the motion was at issue. However, before the undersigned addressed the motion to dismiss, Petitioner filed a "Motion to Dismiss with Prejudice" on August 16, 2010.

**DISCUSSION**

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment. Petitioner's filing of the "Motion to Dismiss with Prejudice" raises two issues. The first issue is whether Fed. R. Civ. P. 41 is applicable to a habeas action, and the second issue is what effect, if any, Respondent's motion to dismiss has on Petitioner's ability to voluntarily dismiss this action.

Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." The Rules Governing Section 2254 Cases do not contain a specific provision addressing voluntary dismissals. Thus, Fed. R. Civ. P. 41, which otherwise governs such dismissals, is applicable to this action. See, Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (the Court applied Fed. R. Civ. P. 41(a)(2) to a petitioner's request for voluntary dismissal of his habeas petition); Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases."). Thus, the undersigned finds that Fed. R. Civ. P. 41(a)(1) is applicable to this habeas action.

As noted, the second issue before the Court is what effect, if any, Respondent's motion to dismiss has on Petitioner's ability to voluntarily dismiss this habeas action. Rule 41(a)(1) appears to establish a bright line rule that only an answer or motion for summary

2

judgment will prevent a petitioner from voluntarily dismissing an action without a court order. Thus, Respondent's motion to dismiss does not prevent Petitioner from voluntarily dismissing this case. Muller v. TSC Industries, Inc., CIV. A. No. 92-4084-S, 1992 WL 223766 (D. Kan. Aug. 26, 1992);[1] In re Bath and Kitchen Fixtures Antitrust Litigation, 535 F.3d 161, 166 (3rd Cir. 2008) ("Because a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is neither an answer nor a motion for summary judgment, its filing generally does not cut off a plaintiff's right to dismiss by notice.").

Thus, Petitioner's filing operates a dismissal of this lawsuit, with no order of the Court required or even authorized. Janssen v. Harris, 321 F.3d 998 (10th Cir. 2003). However, it is noted that under Fed. R. Civ. P. 41(a)(1), the dismissal is generally without prejudice unless the notice states otherwise. Here, Petitioner specifically requests dismissal of the action with prejudice.

**RECOMMENDATION**

In accordance with the above, it is recommended that the Court find that Fed. R. Civ. P. 41(a)(1) is applicable to this habeas action and that Respondent's motion to dismiss had no effect on Petitioner's ability to voluntarily dismiss this action. If this Report and Recommendation is adopted, Petitioner's "Motion to Dismiss with Prejudice" [Doc. No. 16] would operate as a dismissal of this lawsuit with no order of the Court required or even

---

[1]This unpublished disposition is cited as persuasive authority pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

authorized. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of the Court by October 26, 2010, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Entered this 6th day of October, 2010.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE