# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDRE LEJUAN KNUCKLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. CIV-10-224-D |
| ) | |
| ) | |
| DAVID MILLER, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner, a state prisoner appearing *pro se,* brought this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Doyle W. Argo for initial proceedings. Respondent filed a motion to dismiss in which he argued Petitioner failed to exhaust his state court remedies prior to filing this action. Petitioner timely responded to that motion; however, on August 16, 2010, Petitioner filed a "Motion to Dismiss with Prejudice" [Doc. No. 16], seeking dismissal of this action. On October 6, 2010, the Magistrate Judge filed a Report and Recommendation [Doc. No. 17] in which he recommended the Court construe Petitioner's motion as a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1),[1] and deem the action dismissed on August 16.

In the Report and Recommendation, the Magistrate Judge advised the parties of their right to object to the Report and Recommendation, and scheduled an October 26, 2010 deadline for filing objections. The Magistrate Judge also expressly cautioned the parties that failure to timely object

---

[1] As the Magistrate Judge noted, Rule 41 is applicable to habeas actions. *See Clark v. Tansy*, 13 F. 3d 1407, 1411 (10th Cir. 1993). Because a motion to dismiss does not bar voluntary dismissal under Rule 41(a), Petitioner may dismiss the action without seeking Court authorization. *See Muller v. TSC Industries, Inc.,* 1992 WL 223766 ( D. Kan. Aug. 6, 1992)(unpublished opinion).

would constitute a waiver of the right to appellate review of the factual findings and legal conclusions contained in the Report and Recommendation. To date, the parties have not filed objections or sought an extension of time in which to do so. Accordingly, the Report and Recommendation [Doc. No.17] is adopted as though fully set forth herein.

The Court agrees with the Magistrate Judge that, because Petitioner voluntarily dismissed this action with prejudice[2] on August 16, 2010, the action is deemed dismissed as of that date. Thus, no further Court action is required.

IT IS SO ORDERED this 18th day of November, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Although a Rule 41(a) voluntarily dismissal is generally without prejudice, Petitioner has expressly requested a dismissal with prejudice.